In the Matter of the Claim of PETER BENN, Appellant, against WASHBURN WIRE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.— This is a claimant's appeal from a decision of the State Industrial Board dated January 19, 1937, disallowing his claim for workmen's compensation on the ground that his disability is not causally related to his industrial accident. Claimant was allowed compensation for a bilateral hernia resulting from an accident. He claims that he also suffered a back condition. This was diagnosed as a congenital pilonidal cyst which pre-existed the alleged injury to the back. The medical evidence amply sustains the finding of the State Industrial Board of no causal relation. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ. [See 254 App. Div. 605.]

In the Matter of the Claim or FLOYD KAMB, JR., Respondent, against STONY BROOK QUARRY and STATE INSURANCE FUND, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award to claimant for permanent partial loss of use of his right hand. Claimant was employed as a laborer by the employer herein in a quarry in Steuben county, where he was feeding stone into a stone crusher; occasionally unexploded dynamite caps and sticks of dynamite would be found in the stone and it was his practice to pick them out before they passed through the crusher. On the day in question he was carrying in his hand a dynamite cap described as a dud, which he had picked out of the stone; it exploded, causing the injury here involved. The Board found that at the time of the accident claimant violated no instructions as to the handling of the dynamite cap, nor was there any prohibition of the work performed by the claimant pertaining to the disposition of the dynamite caps which were removed from the stones which were put into the crusher; that he was engaged in carrying out and furthering and advancing the interests of his employer, and his act in carrying the dynamite caps to the man in charge of the dynamite was so closely affiliated with claimant's employment that it constituted a natural incident of said employment. The evidence sustains the findings of the Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.